**In re Nancy Joanna WAHOBIN, aka Nancy Buffalo, fka Nancy Bear, Debtor.**

**Bankruptcy No. 97–30339.**

United States Bankruptcy Court, D. Idaho.

Oct. 15, 1998.

Kenneth L. Anderson, Lewiston, ID, for Debtor.

Michael L. Schindele, Boise, ID, for First Security Bank.

C. Barry Zimmerman, Coeur d'Alene, ID, Trustee.

## MEMORANDUM OF DECISION and ORDER

TERRY L. MYERS, Bankruptcy Judge.

First Security Bank obtained, under § 362(e) of the Code, an Order Terminating the Automatic Stay as it applied to the Bank's collateral, a 1991 Geo Metro. The matter is presently before the Court upon the Debtor's Motion for Relief from that Order.

The record reflects that the Debtor's Chapter 13 plan, among other things, proposed periodic payments to the Bank through the Trustee in satisfaction of the Bank's allowed secured claim on the subject vehicle. The Debtor's first plan proposed an allowed secured value of $1,000.00 on the vehicle, to which the Bank objected alleging a $3,130.00 value. The amended plan which was ultimately confirmed by the Court's order of March 3, 1998 established a $2,742.00 value.

There does not appear to be a dispute over whether or not the Debtor has made the payments as required by the plan. However, on July 27, 1998, First Security filed a Motion for Relief from Stay under Section 362(d) alleging that the Debtor was in default of her obligation to keep the vehicle insured. The Motion of the Bank contained an explicit notice, required by Local Bankruptcy Rule 4001.2, advising that the stay would automatically terminate under § 362(e) in thirty-three days absent the Debtor's response, in accord with Local Bankruptcy Rule, and the entry of an order continuing the stay in effect as a result of or pending a final hearing on the motion. The record further establishes that the Motion for Relief from Stay was properly served on the Debtor, the Debtor's attorney and the Trustee.

No response to the Motion from Debtor's attorney appears of record. An Order was entered under § 362(e) based on this lack of response. That Order was entered on September 1 and mailed to the debtor, all counsel and the Trustee on that date.

On September 15, Debtor filed a Motion for relief from the Order terminating the stay under Fed.R.Bank.P. 9024. The Debtor's motion was supported by the Affidavit of her counsel.

That Affidavit asserts that, upon review of the Bank's Motion, the Debtor's attorney determined that the only issue involved was whether or not the vehicle was insured. It further recites that Debtor's attorney faxed *the Bank* a document believed to prove the fact of insurance coverage. It does not appear from the record that Debtor's counsel sent the Bank's *attorney* this asserted proof of coverage.

It is undisputed that the Debtor's attorney filed no response to the Motion for Relief from Stay or otherwise informed the Bank's attorney of the results of his investigation on the insurance issue. Nevertheless, Debtor's attorney asserts in the Affidavit that, once he sent the Bank the fax regarding the insurance, he "understood that took care of the matter." The basis of this "understanding" does not appear from the record.

▮ Rule 9024 incorporates, *inter alia,* Federal Rule of Civil Procedure 60(b)(1) which allows for relief from an order on the grounds of "mistake, inadvertence, surprise or excusable neglect". Such a motion must be made within one year of the subject order and therefore the Motion is timely.

Rule 60(b) is remedial in nature and must be liberally applied. *In re Smith*, 1995 WL 241398 at *3 (Bankr.D.Idaho 1995). However, not even "a liberal interpretation of 'excusable neglect' will excuse every error or omission in the conduct of litigation." *Id.* at *4 (citation omitted).

The record, including the submissions of Debtor's counsel, does not establish either "mistake" or "excusable" neglect. Section 362(e) of the Code and Local Bankruptcy Rule 4001.2 are sufficiently clear. If a motion is properly filed and served, the automatic stay of § 362(a) will terminate in the absence of an order entered by the Court, upon an objection of the party resisting the stay and hearing, continuing the stay in effect. If no response is filed, relief is essentially automatic.

This Court, like all bankruptcy courts, is faced with a rapidly increasing volume of cases and, consequently, a burgeoning number of § 362(d) stay relief motions. Many pass through without objection or hearing. The "automatic" feature of § 362(e) is critical to the functioning of the bankruptcy system. The Court is loathe to interfere with its proper operation.

It was appropriate for the Debtor's counsel to investigate the insurance issue and determine that, at least from the Debtor's point of view, there was no lapse in coverage. But this alone was not enough; the Bank's motion still had to be addressed. Debtor's counsel could have (1) filed an objection to the Bank's Motion asserting the basis upon which it was believed the Motion lacked merit; (2) contacted counsel for the Bank and asked that the Motion be withdrawn; (3) copied the Bank's attorney with the communication made directly to the Bank's officer; [1] (4) or communicated informally with the Bank's counsel in order to resolve this entire matter outside the formal litigation process. The Court notes that both counsel for the Bank and counsel for the Debtor are experienced bankruptcy practitioners and have worked cooperatively with one another in literally hundreds of situations, including other claims in this very same case.

Debtor's counsel could reasonably have thought here that he had solved the underlying *factual* issue. Unfortunately, the process he utilized did not solve the underlying *legal* issue. Only minimal efforts were needed to insure that an order would not be entered granting the Bank's Motion on § 362(e) grounds. Even the Debtor's attorney must admit that there was no way for the Bank's counsel to realize that the issue had been resolved, unless one assumes that the Bank officer, upon receiving the fax, would advise her counsel. However, it is just as easy to assume that the Bank officer would surmise that the Debtor's attorney had directly communicated with the Bank's counsel and contemporaneously advised him.

Based upon the foregoing, the Court finds that there is no mistake or excusable neglect sufficient under Rule 60(b)(1) to justify entry of an order reversing or modifying the stay relief previously obtained by the Bank under § 362(e). If the Debtor is correct that there are no outstanding defaults under the loan documents, it would be hard to see how the Bank could proceed to enforce its security interest under applicable nonbankruptcy law. Nevertheless, if there is a default, the Bank will not need to once again come to this Court for relief from stay.

The Debtor's Motion for Relief from the § 362(e) Order is DENIED.

---

1. It is questionable practice for the Debtor's attorney to here have communicated directly with the Bank without at the very least contemporaneously advising the Bank's attorney of the communication. In some cases, such direct communication with an opposing party is an ethical issue. *See* Rule 4.2, Idaho Rules of Professional Conduct. In this case, it is at a minimum a practical problem which has clearly given rise to the difficulties now faced by the Debtor.